Robinson & al.

*v.*

Commercial & Farmers' Bank & al.

*(Supreme Court of Appeals of Virginia, June 15, 1893.)*

[17 S. E. Rep. 739.]

**Judgment Lien—Priority over Unrecorded Deed—Case at Bar.**
A judgment creditor, whose judgment has been duly docketed, and who has brought suit to enforce the lien on the judgment debtor's land, is entitled to priority over a grantee of the judgment debtor claiming under a deed not recorded until after the commencement of the suit, after the expiration of 20 months from its execution and acknowledgment; since such a deed is void, under Code, ? 2465, as to creditors whose rights have attached before it was recorded.

Appeal from chancery court of Richmond ; M. C. Lamb, Chancellor.

Bill by the Commercial & Farmers' Bank and others against John Enders Robinson and others to subject defendants' interest in land to the satisfaction of complainants' judgment. From a decree in complainants' favor, defendants appeal. Affirmed.

*E. Y. Cannon* and *Samuel D. Davies*, for appellants.

*Leake & Carter*, *McGuire & Ellett*, *B. O. Jasner*, and *James Lyons*, for appellees.

Lacy, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of

the city of Richmond, rendered on the 6th of July, 1892.
The case is as follows:   The appellees, the judgment cred-
itors of John Enders Robinson, one of the appellants, filed
their bill in the chancery court of the city of Richmond to
subject the interest of John Enders Robinson in the real
estate of his cousin, Anthony Robinson, who died November
14, 1889, and the suit was instituted the next day, Novem-
ber 15, 1889, and the bill filed November 21, 1889, to en-
force judgment recovered and duly docketed in 1881.
After the bill was filed, and therefore long after the judg-
ment had been rendered, the judgment debtor put on record
a deed conveying all his interest in this real estate to a
trustee for the benefit of his wife, in consideration of
the relinquishment of her contingent right of , dower.
It conveys "all and singular the rights, title, and in-
terest and estate of him, the said John Enders Robin-
son, which he may now have or hereafter acquire, or be ad-
judged to be entitled to, in the estate of the said Anthony
Robinson, whether acquired by inheritance or devise;" in-
tending to convey this real estate to this trustee for his wife,
whether acquired as the heir of Anthony Robinson or under
the will of his father, John A. Robinson, deceased, whereas
the judgment, under section 3567 of the Code, became a
lien on all the real estate of or to which such person is or
becomes possessed or entitled at or after the date of the
judgment ; the question in this case not being what estate
or degree of estate of John Enders Robinson was possessed,
if so entitled to ; the deed conveying it, whatever it was or
might be held to be in degree or character, and the judg-
ments fixing a lien on it from the time they were perfected,
whatever its character.    But the question is as to the prior-
ity of these liens.   The judgments were recovered and
docketed, and the suit brought to enforce their lien upon the
real estate, before the deed in question was recorded.   The
chancery court held that the judgment had priority, and

that is the only question decided by the said court, which, without passing on any other question as to the priorities of the judgments, the dower rights of Mrs. Robinson, etc., referred the matters herein not decided to a commissioner for inquiry and report, whereupon the appellants, Robinson and wife and her trustee, appealed. There can be no doubt of the correctness of this decision. The deed was not recorded for 20 months after it was executed and acknowledged, as provided for by section 2467 of the Code; and by section 2465 of the Code it was void as to creditors until recorded. The question as to *bona fides* of the deed, its consideration, valid or invalid, has not been decided by the court. The deed has not been annulled as between the parties. The right question decided is that the deed was void as to creditors until it was duly recorded. As to this there can be no serious doubt. Conceding everything the wife claims, as was done in Strayer v. Long, 86 Va. 562, 10 S. E. Rep. 574, the agreement and its execution, the failure to record the deed for 20 months after its execution and acknowledgment, and after the rights of creditors had attached, is fatal to her claim, although her case was proved by legal evidence, which is denied in this case. The decree of the chancery court of Richmond must be affirmed.